# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TWO ROADS DEVELOPMENT LLC, TRILAR HOLDINGS LLC, and FLAGLER SOUTH DEVELOPMENT LLC,
        *Plaintiffs*,
    v.

PALM BEACH ATLANTIC UNIVERSITY INC., FRISBIE GROUP LLC, and FH3 LLC,
        *Defendants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## **COMPLAINT**

DOMNICK CUNNINGHAM & WHALEN
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Telephone: (561) 625-6260
Facsimile: (561) 625-6269

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-6235

**TABLE OF CONTENTS**

PARTIES .................................................................................................................................. 1

JURISDICTION AND VENUE ............................................................................................. 1

FACTUAL ALLEGATIONS .................................................................................................. 2

CAUSES OF ACTION ........................................................................................................... 4

    FIRST CLAIM FOR RELIEF (Breach of Contract of Letter of Intent, Exclusivity Provision – Against Defendant PBA) ................................................................... 4

    SECOND CLAIM FOR RELIEF (Breach of Contract of Letter of Intent, Confidentiality Provision – Against Defendant PBA) ...................................................... 5

    THIRD CLAIM FOR RELIEF (Breach of Contract, Purchase and Sale Agreement – Against Defendant PBA) ................................................................................ 6

    FOURTH CLAIM FOR RELIEF (Promissory Estoppel – Against Defendant PBA) ............ 7

    FIFTH CLAIM FOR RELIEF (Violations of 18 U.S.C. § 1836 – Against Defendants PBA and Frisbie Group) ................................................................................ 8

    SIXTH CLAIM FOR RELIEF (Violations of 18 U.S.C. § 1962(c) – Against PBA and Frisbie Group) ............................................................................................................. 9

    SEVENTH CLAIM FOR RELIEF (Tortious Interference with Contract – Against Defendant Frisbie Group) ............................................................................................... 11

    EIGHTH CLAIM FOR RELIEF (Tortious Interference with Business Relationship – Against Defendant Frisbie Group) ................................................................................. 12

    NINTH CLAIM FOR RELIEF (Unjust Enrichment – Against All Defendants) ................. 12

    TENTH CLAIM FOR RELIEF (Specific Performance – Against All Defendants) ............ 14

JURY TRIAL DEMAND ...................................................................................................... 15

PRAYER FOR RELIEF ........................................................................................................ 15

Plaintiffs Two Roads Development LLC ("Two Roads"), Trilar Holdings LLC ("Trilar"), and Flagler South Development LLC ("Flagler South Development") (collectively, "Plaintiffs") for their complaint against Palm Beach Atlantic University Incorporated ("PBA"), Frisbie Group LLC ("Frisbie Group"), and FH3 LLC (collectively, "Defendants") allege as follows:

## PARTIES

1. Plaintiff Two Roads Development is a Florida limited liability company.

2. Plaintiff Trilar Holdings LLC is a Florida limited liability company.

3. Plaintiff Flagler South Development LLC is a Delaware limited liability company.

4. Defendant Palm Beach Atlantic University Incorporated is a Florida company, with its principal place of business in West Palm Beach, Florida.

5. Defendant Frisbie Group LLC is a Florida limited liability company.

6. Defendant FH3 LLC is a Florida limited liability company.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant Palm Beach Atlantic University because its principal place of business is in West Palm Beach and it is incorporated in the state of Florida.

8. This Court has personal jurisdiction over Defendant Frisbie Group because it has personal jurisdiction over its members who have offices and regularly transact business in Palm Beach, Florida.

9. This Court has personal jurisdiction over Defendant FH3 because it has personal jurisdiction over its members who have offices and regularly transact business in Palm Beach, Florida.

10. This Court has subject matter jurisdiction over Plaintiffs' claims under 18 U.S.C. § 1962(c) and 18 U.S.C. § 1836. This Court also has supplemental jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. § 1367.

11. Venue in the Southern District of Florida is appropriate under 28 U.S.C. § 1391(b) because it is the district in which a substantial part of the actions giving rise to the claims occurred, and it is the district in which property that is the subject of the action is situated.

## FACTUAL ALLEGATIONS

12. PBA owns two neighboring parcels of land in West Palm Beach, 1315 South Flagler Drive and 1401 South Flagler Drive (the "PBA Parcels" or the "Parcels"), that are adjacent to a site currently being developed by Plaintiffs.

13. After a series of negotiations, PBA committed on or about June 11, 2018 to sell the PBA Parcels to Plaintiffs. The resulting Letter of Intent ("LOI") with Two Roads included a confidentiality provision and an exclusivity provision.

14. Plaintiffs negotiated a Purchase and Sale Agreement from in or about June 2018 through in or about April 2019, when PBA counsel represented in writing that the deal was "all approved." Flagler South Development executed the finalized Purchase and Sale Agreement for Plaintiffs, who delivered the executed agreement to PBA counsel and a PBA trustee, with congratulations on the completion of the deal. Thereafter, PBA dragged its feet returning the countersigned signature pages, attributing the delay to personal issues with the board member authorized to sign the agreement. Nevertheless, PBA reassured the purchaser that the university had approved the final Agreement and that it would be signed. PBA representatives repeated these representations, both directly and indirectly—in writing and verbally—throughout the month of May.

15. Suddenly, and without any explanation, on or about May 29, 2019, PBA counsel sent a letter purporting to terminate the LOI and PBA's other "obligations" to Plaintiffs.

16. Plaintiffs invested considerable time and resources to negotiate and finalize the deal. Among other things, they secured capital partners, devised a comprehensive plan to comply with city zoning and land use requirements, spent approximately $100,000 on an architect to create a full model of the building and map its placement, and developed a creative vision to tie the property together with certain cultural elements. Throughout these negotiations, Plaintiffs shared all of this confidential information with PBA under the belief, based on PBA's representations, that PBA would act in conformance with its confidentiality and exclusivity obligations pursuant to the LOI.

17. On or about January 8, 2020, PBA disclosed that it had executed a sale contract for the Parcels with another developer. By in or about February 2020, Plaintiffs learned that it was Frisbie Group that had entered into a contract with PBA to purchase the PBA Parcels. On information and belief, this contract is materially the same as the May 2019 "all approved" Purchase and Sale Agreement between PBA and Flagler South Development.

18. On information and belief, Frisbie Group and PBA began discussions about putting together a deal for the PBA Parcels in or around March 2019, in violation of the LOI's exclusivity requirement. The fact that PBA was putting a deal together with Plaintiffs for the PBA Parcels was known to the Frisbie Group prior to the commencement of its negotiations with PBA. Members of Frisbie Group have created FH3 LLC, which will process Frisbie Group's application for government approval of their development plan for the Parcels.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**(Breach of Contract of Letter of Intent, Exclusivity Provision –
Against Defendant PBA)**

19.     Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

20.     PBA entered into the LOI on June 11, 2018 with Two Roads.  The LOI was a binding contract between the parties, for which consideration was given by each.

21.     The LOI bound the parties to an exclusivity provision, under which the parties could "not entertain or enter into any other purchase agreement or financing for the [PBA Parcels] and each party agrees to negotiate exclusively with the other to draft and enter into a Purchase and Sale Agreement as contemplated herein for a period of Ninety (90) days from the date of this LOI.  [I]n the event the parties cannot reach an agreement, either party may terminate the negotiations and this LOI at their sole discretion upon written notice to the other, in which event, neither party hereto shall thereafter have any further liability, responsibility or obligation to the other under this LOI."

22.     PBA negotiated with Two Roads and Trilar under the exclusivity provision of the LOI from June 11, 2018 to May 29, 2019.  Based on the terms of the LOI, the parties unambiguously intended that in the event that no agreement was reached during the initial 90-day period of the LOI, the exclusivity agreement would continue unless and until one of the parties "terminate[s] the negotiations and this LOI . . . upon written notice to the other."  Any liabilities, responsibilities or obligations that the parties had to each other, including those related to exclusivity, would continue to apply until such termination.  PBA's May 29, 2019 letter explicitly terminating negotiations *under the LOI* further proves this mutual understanding.

4

23. PBA breached the exclusivity provision by starting negotiations with Frisbie Group in or around March 2019, two months prior to terminating negotiations under the LOI.

24. Plaintiffs were injured and suffered damages as a result of PBA's breach of the exclusivity provision, in an amount to be determined at trial.

25. Plaintiffs' injuries include the lost expectancy of the PBA Parcels, the lost profits derived from the transaction, and Plaintiffs' significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract of Letter of Intent, Confidentiality Provision – Against Defendant PBA)

26. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

27. The LOI, entered into by PBA and Two Roads on June 11, 2018, also included a confidentiality provision which stated that, *inter alia*, "the parties' discussions and exchanged written materials relating to the proposed transaction," including the "terms of the proposed Purchase and Sale Agreement," "the proposed development of the [PBA Parcels]" and "due diligence information and documents relating to the [PBA Parcels]," are proprietary and confidential, and may not "be shown or disclosed by either party . . . to any other person or entity, except to those employees, attorneys, accountants or advisors who have a need to know as a result of being involved in the proposed transaction."

28. On information and belief, PBA breached the confidentiality provision by sharing with Frisbie Group "the terms of the proposed [PSA]; the proposed development of the [PBA Parcels], and due diligence information and documents relating to the [PBA Parcels]." This information, by the terms of the agreement, was confidential and proprietary.

5

29. Two Roads and the other Plaintiffs were injured and suffered damages as a result of Defendant PBA's breach of the LOI's confidentiality provision, in an amount to be determined at trial.

30. Plaintiffs' damages include their significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

### THIRD CLAIM FOR RELIEF
### (Breach of Contract, Purchase and Sale Agreement – Against Defendant PBA)

31. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

32. Defendant PBA and Flagler South Development (on behalf of itself and the other Plaintiffs) formed a valid and enforceable contract for the purchase and sale of the PBA Parcels, for which consideration was provided on behalf of each party.

33. On or about April 5, 2019, PBA counsel represented that the deal was "all approved" and asked the purchaser to forward the executed Purchase and Sale Agreement, which it did, with congratulations on the completion of the deal.  On or about May 2, PBA represented that personal issues with the board member authorized to sign the agreement were causing delays in returning its executed countersignature, but confirmed that the Agreement had been approved.

34. Defendant PBA breached this contract by failing to perform the purchase and sale as dictated by its terms.

35. Flagler South Development and the other Plaintiffs were injured and suffered damages as a result of Defendant PBA's breach of the purchase and sale contract, in an amount to be determined at trial.

36. Plaintiffs' injuries as a result of this breach include the lost expectancy of the PBA Parcels, the lost profits derived from the transaction, and Plaintiffs' significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

**FOURTH CLAIM FOR RELIEF**
**(Promissory Estoppel –**
**Against Defendant PBA)**

37. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

38. PBA made definite and substantial promises by representing, among other things, that the sale of the Parcels to Plaintiffs would eventually be finalized throughout the negotiations and, in April 2019, that the contract for the PBA Parcels was "all approved."

39. Plaintiffs reasonably relied on such promises, as they were definite in nature and repeated consistently throughout the parties' negotiations.

40. Plaintiffs were injured and suffered damages as a result of their reasonable reliance on Defendant PBA's promises, in an amount to be determined at trial. In particular, PBA's promises were the direct and proximate cause of Plaintiffs' continued investment in anticipation of its acquisition and development of the PBA Parcels.

41. Plaintiffs' damages include the lost expectancy of the PBA Parcels, the lost profits derived from the transaction, Plaintiffs' significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

**FIFTH CLAIM FOR RELIEF**
**(Violations of 18 U.S.C. § 1836 –**
**Against Defendants PBA and Frisbie Group)**

42. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

43. Plaintiffs incurred significant costs to develop trade secrets with independent economic value unique to the Parcels. These include, *inter alia*, a siting and massing plan, a comprehensive plan to comply with city zoning and land use requirements, due diligence documentation, the terms of the PSA, and plans for cultural elements on the property.

44. These trade secrets involved interstate commerce and related to a product that was intended for use in interstate commerce. The plans involved out of state actors and resources, involved capital partners located outside the state of Florida, and involved a condominium that would be marketed beyond Florida.

45. Plaintiffs took reasonable measures to keep this information a secret. Plaintiffs did not publicize this information and maintained adequate security to protect their computers, files, documents, and other records that stored information relating to these trade secrets. Plaintiffs included a confidentiality provision in the LOI between Two Roads and PBA in an attempt to protect this information.

46. PBA misappropriated this information when it misrepresented its intentions to consummate the Purchase and Sale Agreement with Plaintiffs. PBA continued to indicate its intentions of completing the deal with Plaintiffs while dealing with Frisbie Group, all the while receiving Plaintiffs' confidential business information throughout these negotiations. On information and belief, PBA violated its confidentiality obligations by sharing this information with Frisbie Group as early as March 2019. On information and belief, Frisbie Group used these

8

trade secrets, which it knew were acquired by improper means, to reach an agreement with PBA and to plan its development on the PBA Parcels.

47. Starting in or around August 2019, Plaintiffs and Frisbie Group began serious discussions around co-developing the PBA Parcels, under an implied confidentiality understanding.  Unbeknownst to Plaintiffs, Frisbie Group misrepresented its intent to co-develop the property with Plaintiffs to obtain Plaintiffs' confidential business information.  Pursuant to this relationship, Plaintiffs shared its trade secrets with Frisbie Group.

48. Plaintiffs' damages include their significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

## SIXTH CLAIM FOR RELIEF
### (Violations of 18 U.S.C. § 1962(c) – Against Defendants PBA and Frisbie Group)

49. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

50. At all relevant times, Defendants PBA and Frisbie Group were and are each a "person" within the meaning of 18 U.S.C. § 1961(3).

51. PBA, Frisbie Group, and FH3 constitute an association-in-fact enterprise (the "Enterprise") within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c).  The members of the Enterprise are a group of persons associated together for the common purpose of carrying on an ongoing enterprise to, *inter alia*, misrepresent their intentions regarding the sale and development of the PBA Parcels in order to benefit from Plaintiffs' confidential information and obtain Plaintiffs' approval for the project.  PBA and Frisbie Group are responsible for the operation and management of the Enterprise and its affairs.

52. At all relevant times, the Enterprise engaged in, and its activities affected, interstate commerce within the meaning of 18 U.S.C. § 1962(c). In furtherance of the Enterprise's goals, members of the Enterprise engaged in communications via email and telephone spanning Florida, New York, and Massachusetts. Counsel for Plaintiffs' capital partners during these negotiations were also located outside of Florida and communicated with PBA by email and telephone calls that crossed state lines. On information and belief, the Enterprise, moreover, held and transferred funds and assets across state lines and using national and international financial institutions.

53. In furtherance of the Enterprise's goal, a member of the Frisbie Group spoke on the phone with a Two Roads principal, who was in Europe at the time, and misrepresented his knowledge of Plaintiffs' negotiations with PBA. Members of the Frisbie Group also frequently emailed Plaintiffs from Massachusetts in furtherance of the plan, when Plaintiffs and their employees were located in Florida and New York. FH3, whose members are also members of Frisbie Group, currently benefit from Plaintiffs' confidential information as they apply for government approval for development of the parcels.

54. The Enterprise's plan has been in operation since at least early 2019 and it is ongoing and continuing. It includes multiple predicate acts, constituting a pattern, within the meaning of 18 U.S.C. §§ 1961(1) and (5), in violation of 18 U.S.C. § 1962(c). Each predicate act is part of the same continuous and overarching plan. These acts took place after 1970 and the last act occurred within ten years after the commission of a prior act.

55. The activity set forth herein was the direct and proximate cause of Plaintiffs' injuries, including because the plan to mislead Plaintiffs led to Plaintiffs' loss of possession and ownership of the PBA Parcels.

56.     Plaintiffs' injuries include the lost expectancy of the PBA Parcels, the lost profits derived from the transaction, and Plaintiffs' significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

**SEVENTH CLAIM FOR RELIEF**
**(Tortious Interference with Contract –**
**Against Defendant Frisbie Group)**

57.     Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

58.     PBA was bound by the LOI and the PSA.

59.     On information and belief, Frisbie Group knew of these contracts.

60.     Frisbie Group intentionally and unjustifiably interfered with these contracts when Frisbie Group engaged with PBA to negotiate to purchase the PBA Parcels.  On information and belief, Frisbie Group engaged with PBA despite knowing that PBA was bound by an exclusivity agreement and confidentiality agreement with Two Roads.  Frisbie Group saw an opportunity to reach a quick deal with PBA by utilizing Plaintiffs' detailed plan for the development, terms of the PSA, and due diligence documentation.  Together, these actions amount to improper behavior.

61.     Frisbie Group's interference resulted in PBA violating the LOI and purporting to back out of the PSA.  Plaintiffs' damages include the lost expectancy of the Parcels, the lost profits derived from the transaction, and Plaintiffs' significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

11

## EIGHTH CLAIM FOR RELIEF
### (Tortious Interference with Business Relationship – Against Defendant Frisbie Group)

62. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

63. Plaintiffs and PBA had a business relationship from January 2018 to at least May 2019, evidenced by their intensive negotiations throughout this period, which culminated in the May 2019 PSA.

64. Frisbie Group knew of this business relationship by at least December 2018.

65. Frisbie Group intentionally and unjustifiably interfered with this business relationship when Frisbie Group engaged with PBA to negotiate to purchase the Parcels. On information and belief, Frisbie Group engaged with PBA with full knowledge that PBA was bound by an exclusivity agreement and confidentiality agreement with Two Roads. Frisbie Group saw an opportunity to reach a quick deal with PBA by utilizing Plaintiffs' confidential plan for the development, terms of the PSA, and due diligence documentation. These actions amount to improper behavior.

66. Plaintiffs' damages include the lost expectancy of the Parcels, the lost profits derived from the transaction, and their significant investments in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels.

## NINTH CLAIM FOR RELIEF
### (Unjust Enrichment – Against All Defendants)

67. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

68. As the intended and expected result of their actions, Defendants have profited and benefited from Plaintiffs' confidential business information, including in being able to quickly and inexpensively finalize a vision and plan to develop the Parcels and apply for government approval.

69. Plaintiffs did not receive any benefit for providing this information.

70. PBA continued to indicate its intentions of completing the deal with Plaintiffs while dealing with Frisbie Group, all the while receiving Plaintiffs' confidential business information throughout these negotiations. On information and belief, PBA violated its confidentiality obligations by sharing Plaintiffs' confidential business information with Frisbie Group as early as March 2019. On information and belief, Frisbie Group engaged with PBA with knowledge that PBA was bound by an exclusivity and confidentiality agreement and with the intent of using Plaintiffs' work on the development of the Parcels to its own benefit. The circumstances surrounding Defendants' receipt of Plaintiffs' confidential information is such that, in equity and good conscience, Defendants should not retain the value of this information and any resulting profits or benefits.

71. Plaintiffs are entitled in equity to restitution of Defendants' wrongful profits and benefits received as a result of their improper behavior. This restitution would include Plaintiffs' considerable time and expense invested in producing the plan for the proposed development of the PBA Parcels, the terms of the PSA, and all due diligence information and documents relating to the PBA Parcels, as well as all profits and other benefits received by Defendants from the contract entered into between PBA and Frisbie Group and the anticipated development of the Parcels by Frisbie Group and FH3 LLC.

## TENTH CLAIM FOR RELIEF
### (Specific Performance – Against All Defendants)

72. Plaintiffs incorporate by reference Paragraphs 1-18 above, as if fully set forth herein.

73. Plaintiffs are entitled to the PBA Parcels, including because Two Roads completed the Letter of Intent with PBA and Flagler South Development completed the Purchase and Sale Agreement with PBA for the purchase of the parcels. Plaintiffs were financially able and willing to purchase the PBA Parcels for the agreed-upon price, having already obtained financing for the purchase. Plaintiffs are also clearly entitled to the PBA Parcels for the additional legal and equitable reasons set forth herein, including their reasonable reliance on PBA's promises and representations.

74. There is no adequate remedy at law, as the PBA Parcels are unique parcels of land that cannot be replaced, including because land is inherently a unique commodity as a matter of law; because there is a severe shortage of property available for development as water-facing luxury projects in West Palm Beach, and an even greater shortage in the specific area of West Palm Beach in which the PBA Parcels are located, with the PBA Parcels constituting the last available parcels suitable to such development in that area; because of the unquantifiable vision, energy, time, and other resources Plaintiffs have already infused into the project (which were ultimately used by Defendants); because Plaintiffs already own and are already developing the adjoining property, such that no other property can replace or take the place of the PBA Parcels; and because the Frisbie Group's planned development of the PBA Parcels will cause unquantifiable harm to Plaintiffs and their project on the adjoining property.

75. Justice requires specific performance in the form of an order entitling Plaintiffs (through Flagler South Development LLC) to take ownership and possession of the PBA Parcels,

14

and directing Defendants to take such steps and actions as are necessary to effectuate the transfer to Plaintiffs (through Flagler South Development LLC) of such ownership and possession, including specific performance of the Purchase and Sale Agreement.

## JURY TRIAL DEMAND

76. Plaintiffs demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants on all claims, and requests a judgment providing the following relief:

A. Judgment in Plaintiffs' favor and against Defendants on all causes of actions;

B. For compensatory damages in an amount to be proven at trial;

C. For punitive damages and exemplary damages according to proof at trial;

D. For treble damages pursuant to 18 U.S.C. § 1964(c);

E. For specific performance in the form of an order entitling Plaintiffs (through Flagler South Development LLC) to take ownership and possession of the PBA Parcels and directing Defendants to take such steps and actions as are necessary to effectuate the transfer to Plaintiffs (through Flagler South Development LLC) of such ownership and possession, including specific performance of the Purchase and Sale Agreement;

F. For an order enjoining any transfer of title to the PBA Parcels, or any closing relating to the PBA Parcels, between PBA and Frisbie Group, FH3 LLC, or any related entity, and enjoining or unwinding any related closings or contracts, to the extent necessary to effectuate the other relief requested;

G. For costs of suit incurred herein;

H. For prejudgment interest;

I. For attorneys' fees and costs, including as warranted by applicable laws; and

J. For such other and further relief as the Court may deem to be just and proper.

Dated:
November 12, 2021

DOMNICK CUNNINGHAM & WHALEN

By: /s/ *Sean C. Domnick*
   Sean C. Domnick
     Florida Bar No.: 843679
     sean@dcwlaw.com
   Matthew T. Christ
     Florida Bar No.: 0119106
     mtc@dcwlaw.com

2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Telephone: (561) 625-6260
Facsimile: (561) 625-6269

GIBSON, DUNN & CRUTCHER LLP

Reed Brodsky
  RBrodsky@gibsondunn.com
  (*pro hac vice* application forthcoming)
Akiva Shapiro
  AShapiro@gibsondunn.com
  (*pro hac vice* application forthcoming)
Diane Chan
  DChan@gibsondunn.com
  (*pro hac vice* application forthcoming)
Michael McQueeney
  MMcQueeney@gibsondunn.com
  (*pro hac vice* application forthcoming)

200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-6235

*Attorneys for Plaintiffs Two Roads Development LLC, Trilar Holdings LLC and Flagler South Development LLC*