UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| TWO ROADS DEVELOPMENT LLC, TRILAR HOLDINGS LLC, and FLAGLER SOUTH DEVELOPMENT LLC,         *Plaintiffs*,    v. PALM BEACH ATLANTIC UNIVERSITY INC., FRISBIE GROUP LLC, FH3 LLC, WILLIAM M.B. FLEMING, JR., PATRICK C. KOENIG, DAVID W. FRISBIE, ROBERT N. FRISBIE JR., and CODY S. CROWELL         *Defendants*. | Case No. 9:21-cv-82067-AMC |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**JOINT DISCOVERY MEMORANDUM**

Plaintiffs TWO ROADS DEVELOPMENT LLC, TRILAR HOLDINGS LLC, and FLAGLER SOUTH DEVELOPMENT LLC (collectively, "Plaintiffs"), and Defendants PALM BEACH ATLANTIC UNIVERSITY INC., FRISBIE GROUP LLC, FH3 LLC, WILLIAM M.B. FLEMING, JR., PATRICK C. KOENIG, DAVID W. FRISBIE, ROBERT N. FRISBIE JR., and CODY S. CROWELL (collectively, "Defendants"), pursuant to Section III(B) of the Standing Discovery Order for Magistrate Judge Bruce Reinhart, entered January 30, 2023 [Dkt. 75], provide the following Joint Discovery Memorandum in advance of the February 13, 2023 hearing on Plaintiffs' Motion to Compel Discovery from Defendants ("Motion to Compel") [Dkt. 56].

Plaintiffs' Motion to Compel, filed July 12, 2022 [Dkt. 56], Defendants' Response in Opposition to Plaintiffs' Motion to Compel, filed August 15, 2022 [Dkt. 64], Plaintiffs' Reply in Support of their Motion to Compel, filed August 22, 2022 [Dkt. 65], and the discovery dispute addressed therein predate the Court's Standing Discovery Order entered on January 30, 2023;[1] however, the parties certify that they conferred pursuant to S.D. Fla. L.R. 7.1(a)(3) and 26.1(g). Despite good faith efforts to resolve their differences, Plaintiffs' Motion to Compel sets forth the following issues that Plaintiffs believe require resolution by the Court:

    1.    The parties dispute appropriate search parameters and the scope of Defendants'

---

[1] The parties' legal positions are fully briefed in the Motion to Compel [Dkt. 56], Response in Opposition [Dkt. 64], and Reply [Dkt. 65] filed with the Court. The parties hereby adopt and incorporate their respective arguments herein. This joint discovery memorandum is solely intended to summarize the parties' legal briefing for the Court's convenience.

production for the following three (3) categories[2] from Plaintiffs' First Set of Requests for Production, dated April 11, 2022 ("Request for Production"), served on Defendants Palm Beach Atlantic University Inc. ("PBA"), Frisbie Group LLC ("Frisbie Group"), and FH3 LLC ("FH3") (collectively, the "Defendant Entities"): "(1) production of documents and communications relating to Defendants' personal and business relationships with one another (see PBA RFP 20/Frisbie Group RFP [19]/FH3 RFP 18); (2) production of documents and communications relating to development deals between and among individual Defendants, representatives of PBA, representatives of Frisbie Group and/or PBA or Frisbie Group (see PBA RFP 21/Frisbie Group RFP [20]/FH3 RFP 19); and (3) production of text messages without the use of search terms from certain key time periods and among a narrow set of six custodians." (Dkt. 56 at 5.) Plaintiffs assert that the requested documents and communications will likely uncover evidence to support Plaintiffs' factual allegations, which Defendants challenged as insufficiently pled through their Motion to Dismiss [Dkt. 54]. Defendants likewise believe Plaintiffs' declaration of impasse was premature and otherwise object to Plaintiffs' characterization of the remaining disputes; Plaintiffs respond that their declaration of an impasse was appropriate due to Defendants' steadfast refusal to compromise on these issues despite months of negotiations.

      2.      PBA Request for Production 20, Frisbie Group Request for Production 18, and FH3 Request for Production 18 seek documents and communications relating to Defendants' "personal and business relationships" with one another and each Defendants' "divisions, subsidiaries, officers, directors, managers, partners, members, employees, contractors, attorneys, and agents, and any person acting or engaged for or on its behalf." Defendants sought further clarification from Plaintiffs in order to formulate appropriate search terms to respond to this request. The parties have not been able to resolve their differences.

Plaintiffs assert that the documents and communications sought in this request are relevant to Plaintiffs' RICO claim because they establish a relationship between the Defendants beyond the real estate transaction at issue in this case, which supports the existence of an enterprise. *See Hpc US Fund 1 v. Wood*, 2014 WL 12496558, at *2 (S.D. Fl. June 11, 2014). Moreover, responsive documents may undermine Defendants' credibility, as Defendants have denied having these relationships. *See* Ex. K at 12; Ex. L at 2–4. Plaintiffs maintain that the terms "business relationship" and "personal relationship" are not vague or ambiguous. Defendants understood

---

[2]     The Requests for Production each contain sixty-three (63) total requests. Only three (3) of the sixty-three (63) requests is at issue in the Motion to Compel.

these terms enough to deny the existence of such relationships in RFA responses demonstrates that the meaning of the terms is sufficiently clear.  *See* Ex. K at 12.  Courts expect parties to use common sense and assign phrases their ordinary meaning when responding to discovery requests. *See Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, 2020 WL 6122068, at *4 (N.D. Fla. Apr. 6, 2020).  The Court should order Defendants to engage in a good faith search-terms negotiations with Plaintiffs with respect to this request and produce responsive documents.

Defendants maintain that Plaintiffs' attempt to require a search for any and all items listed in Plaintiffs' requests that relate in any way to "personal and business relationships" is so vague as to be impossible to apply to search terms and custodians. Plaintiffs' use of an amorphous term like "personal and business relationships" effectively amounts to a request for "all documents and communications," without limitation, that plainly violates Federal Rule of Civil Procedure 34(b)(1)(A)'s requirement that document requests ***must*** "describe with reasonable particularity each item or category of items" to be produced and not subject the responding party to the overbreadth and undue burden of playing a discovery guessing game. *See Great Lakes Trans. Holding LLC v. Yellow Cab Servs. Corp. of Fla., Inc.*, No. 10–80241–CIV, 2010 WL 5093746, at *5-6 (S.D. Fla. Dec. 8, 2010); *Sewell v. D'Alessandro & Woodyard, Inc.*, No. 2:07–cv–343–FtM–29SPC, 2011 WL 843962, at *1-2 (M.D. Fla. Mar. 8, 2011); *State Nat'l Ins. Co. v. Lamberti*, No. 08–60760–CIV, 2009 WL 702239, at *3 (S.D. Fla. Mar. 17, 2009). Plaintiffs are not entitled to any and all documents and communications relevant to every relationship of any kind whatsoever between and among every named Defendant and each Defendant's "divisions, subsidiaries, officers, directors, managers, partners, members, employees, contractors, attorneys, and agents, and any person acting or engaged for or on its behalf."

3. PBA Request for Production 21, Frisbie Group Request for Production 19, and FH3 Request for Production 19 seek "[a]ll Documents and Communications relating to any past, present, planned, or potential Development deals or partnerships between or involving You and any other Defendant or Defendants."

Plaintiffs assert that documents and communications showing that the Defendants (both individual and entity) previously engaged in, are currently engaged in, or are planning development deals or partnerships with one another demonstrate the type of pre-existing, ongoing and/or contemplated future business relationship that is relevant to Plaintiffs' RICO claim, and in particular to their enterprise allegations.  *See Libertad v. Welch*, 53 F.3d 428, 443 (1st Cir. 1995); *Hpc US Fund 1 v. Wood*, 2014 WL 12496558, at *2 (S.D. Fl. June 11, 2014).  While Defendants

3

have agreed to produce documents relating to one such development deal or partnership (Mango Promenade), Plaintiffs know of others that exist, despite Defendants assertions otherwise. The Court should order Defendants to engage in a good faith search-terms negotiations with Plaintiffs with respect to this request and produce responsive documents—including those related to past, present, planned, or potential deals and/or partnerships between the individual Defendants, representatives of the entity Defendants, and/or the entity Defendants themselves.

Defendants maintain that they have made reasonable inquiries, have confirmed the existence of the only relevant and responsive deal and have agreed to produce discoverable documents relating thereto. Anything else that Plaintiffs think they are entitled to is beyond the scope of permissible discovery and, as explained hereinabove, it cannot be compelled because it **does not exist**. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 2019 WL 11648461, at *6 (M.D. Fla. Nov. 19, 2019); *EMP Indus., Inc. v. KECO, Inc.*, 2018 WL 7494607, at *2 (M.D. Fla. Nov. 28, 2018).

4. "Plaintiffs seek the production of all text messages that meet the following criteria: the text message included (as a sender or recipient) at least one of three specific PBA representatives (Patrick Koenig, William Fleming, and Jim Jenkins) and at least one of three specific Frisbie Group representatives (Cody Crowell, David Frisbie, and Robert Frisbie Jr.), and was sent between January 1, 2015 and August 1, 2020, between May 1 and May 30, 2021, or between November 1 and November 30, 2021." (Dkt. 56 at 12.)

Plaintiffs' position is that, given the nature of text message communications, employing search terms when reviewing for responsive documents will result in the omission and non-production of responsive (and potentially important) documents. Due to the informal nature of text messages, the relevant parties likely used shorthand, informal abbreviations and spellings that Plaintiffs could not predict in communicating with one another via text message. Plaintiffs have the right to all relevant, non-privileged documents; when it comes to text messages, employing search terms to retrieve them will likely deny Plaintiffs that right.

Defendants maintain that Plaintiffs' suggested criteria is overbroad because they are not limited to topics that are relevant to the litigation or responsive to the specific requests propounded by Plaintiffs. Plaintiffs are not entitled to pull names out of thin air and obtain every communication of every nature whatsoever between those names. The text messages sought must be responsive to served requests for production and tailored with respect to subject matter that is reasonably calculated to lead to the discovery of admissible evidence. *See Regan-Touhy v.*

4

*Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008); *BAT LLC v. TD Bank, N.A.*, No. 15 CV 5839 (RRM) (CLP), 2018 WL 3626428, at *3 (E.D.N.Y. Jul. 30, 2018). Defendants maintain this can be accomplished through application of the agreed upon search terms to text messages just as the search terms are applied to all other documents and communications.

5. On January 25, 2023, Plaintiffs filed a motion to supplement in order to introduce a text chain produced by a third party that, according to Plaintiffs, is evidence that search terms are insufficient when applied to text messages. [Dkt. 73.] Defendants maintain that even a cursory review of the text chain shows this is not so. As Defendants explained in their responsive brief, filed on February 8, 2023, Plaintiffs' request is procedurally deficient and, in any event, does not support Plaintiffs' position. At most, the text chain is evidence that the parties should discuss in good faith, and agree upon, search terms sufficient to capture relevant and responsive text messages, just as they would in every other case involving ESI. [Dkt. 77.] Plaintiffs' Reply, filed February 10, 2023, defends the motion's procedural sufficiency about merit. [Dkt. 78]. The parties respectfully request that the motion to supplement be addressed at the upcoming hearing, as it is fully briefed and its resolution is intertwined with the resolution of the portion of the motion to compel seeking production of certain text messages without search terms.

6. As of the submission date of this Joint Discovery Memorandum, each party has made one production of documents. On January 23, Defendants produced 11,000 pages of documents. On January 30, Plaintiffs produced 2,000 pages of documents. The parties continue to apply the agreed upon search terms to the documents within their possession, custody or control to produce documents responsive to the Requests for Production. The parties agree to continue production on a rolling basis and are negotiating a schedule for the remaining productions.

7. Copies of the relevant discovery requests and related pleadings are attached:
   a. Plaintiffs' First Set of Requests for Production to Defendant PBA;
   b. Defendant PBA's Responses to Plaintiffs' Requests for Production;
   c. Plaintiffs' First Set of Requests for Production to Defendant Frisbie Group;
   d. Defendant Frisbie Group's Responses to Plaintiffs' Requests for Production;
   e. Plaintiffs' First Set of Requests for Production to Defendant FH3;
   f. Defendant FH3's Responses to Plaintiffs' Requests for Production;
   g. Plaintiffs' Motion to Compel Discovery from Defendants [Dkt. 56];
   h. Defendants' Response in Opposition to Plaintiffs' Motion to Compel [Dkt. 64];
   i. Plaintiffs' Reply in Support of their Motion to Compel [Dkt. 65];
   j. Plaintiffs' Motion for Leave to File a Notice of Supplemental Factual Development in Support of their Motion to Compel [Dkt. 73];
   k. Defendants' Response to Plaintiffs' Motion for Leave [Dkt. 77]; and
   l. Plaintiffs' Reply in Support of Their Motion for Leave [Dkt. 78].

Respectfully Submitted,

**SHUBIN & BASS, P.A.**
150 West Flagler Street, Suite 1420
Miami, Florida 33130
Tel.: (305) 381-6060
Fax: (305) 381-9457
jshubin@shubinbass.com
dfalce@shubinbass.com
jkatz@shubinbass.com

By: /s/ John K. Shubin
    John K. Shubin, Esquire
    Deana D. Falce, Esquire
    Jamie L. Katz, Esquire

*Counsel for Defendants Frisbie Group LLC, FH3 LLC, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

**JONES FOSTER P.A.**
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Tel.: (561) 659-3000
Fax: (561) 650-5300
shawkins@jonesfoster.com

By: /s/ Scott Hawkins
    Scott Hawkins, Esquire

*Counsel for Defendants Palm Beach Atlantic University Inc., William M.B. Fleming, Jr., and Patrick C. Koenig*

**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Tel.: (310) 274-7100
Fax: (310) 275-5697
egeorge@egcfirm.com
kwesley@egcfirm.com
rkeech@egcfirm.com
spolatoglu@egcfirm.com

By: */s/ Eric M. George*
    Eric M. George (*pro hac vice*)

**DOMNICK CUNNINGHAM & WHALEN**
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Tel.: (561) 625-6260
Fax: (561) 625-6269
mtc@dcwlaw.com
sean@dcwlaw.com

By: /s/ Sean C. Domnick
    Sean C. Domnick, Esquire
    Matthew T. Christ, Esquire

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Tel.: (212) 351-4000
Fax: (212) 351-6235
RBrodsky@gibsondunn.com
AShapiro@gibsondunn.com
DChan@gibsondunn.com
MMcQueeney@gibsondunn.com

By: /s/ Reed Brodsky
    Reed Brodsky (*pro hac vice*)
    Akiva Shapiro (*pro hac vice*)
    Diane Chan (*pro hac vice*)
    Michael McQueeney (*pro hac vice*)

*Counsel for Plaintiffs Two Roads Development LLC, Trilar Holdings LLC and Flagler South Development LLC*

6

Keith J. Wesley (*pro hac vice*)
Ryan Q. Keech (*pro hac vice*)
Serli Polatoglu (*pro hac vice*)

*Counsel for Defendants Palm Beach Atlantic University Inc., Frisbie Group LLC, FH3 LLC, William M.B. Fleming, Jr., Patrick C. Koenig, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/ John K. Shubin

## SERVICE LIST

Scott Hawkins, Esquire
**JONES FOSTER P.A.**
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Tel.: (561) 659-3000
Fax: (561) 650-5300
shawkins@jonesfoster.com

*Counsel for Defendants Palm Beach Atlantic University Inc., William M.B. Fleming, Jr., and Patrick C. Koenig*


Eric M. George (*pro hac vice*)
Keith J. Wesley (*pro hac vice*)
Ryan Q. Keech (*pro hac vice*)
Serli Polatoglu (*pro hac vice*)
**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Tel.: (310) 274-7100
Fax: (310) 275-5697
egeorge@egcfirm.com
kwesley@egcfirm.com
rkeech@egcfirm.com
spolatoglu@egcfirm.com

*Counsel for Defendants Palm Beach Atlantic University Inc., Frisbie Group LLC, FH3 LLC, William M.B. Fleming, Jr., Patrick C. Koenig, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

Sean C. Domnick, Esquire
Matthew T. Christ, Esquire
**DOMNICK CUNNINGHAM & WHALEN**
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Tel.: (561) 625-6260
Fax: (561) 625-6269
mtc@dcwlaw.com
sean@dcwlaw.com


Reed Brodsky (*pro hac vice*)
Akiva Shapiro (*pro hac vice*)
Diane Chan (*pro hac vice*)
Michael McQueeney (*pro hac vice*)
Catherine McCaffrey (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Tel.: (212) 351-4000
Fax: (212) 351-6235
RBrodsky@gibsondunn.com
AShapiro@gibsondunn.com
DChan@gibsondunn.com
MMcQueeney@gibsondunn.com
CMcCaffrey@gibsondunn.com

*Counsel for Plaintiffs Two Roads Development LLC, Trilar Holdings LLC and Flagler South Development LLC*