**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| TWO ROADS DEVELOPMENT LLC, TRILAR HOLDINGS LLC, and FLAGLER SOUTH DEVELOPMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PALM BEACH ATLANTIC UNIVERSITY INC., FRISBIE GROUP LLC, FH3 LLC, WILLIAM M.B. FLEMING, JR., PATRICK C. KOENIG, DAVID W. FRISBIE, ROBERT N. FRISBIE, JR., and CODY S. CROWELL,<br><br>Defendants. | Case No.: 9:21-cv-82067-AMC/Reinhart |

**REPLY IN SUPPORT OF DEFENDANTS' CORRECTED MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b)**

**TABLE OF CONTENTS**

                                                                              **Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

I.      No "Substantial Overlap" Exists Between The PSA-Related Claims and The Surviving Claims. ....................................................................................................1

II.     No "Just Reason" Exists to Delay Entry of Final Judgments. ............................................5

        A.     Granting the Motion Would Not Delay Ongoing Proceedings. ...............................5

        B.     Defendants Have Established Substantial, Ongoing Economic Harm. ...................6

        C.     Certification Will Not Result In Duplicative Appellate Review. ...........................8

CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abundant Living Citi Church, Inc. v. Abundant Living Ministries, Inc.*,
   213 So. 3d 1055 (Fla. Dist. Ct. App. 2017) ...........................................................................2

*AMF Holdings, LLC v. Elie*,
   No. 1:15-CV-3916-MHC-CMS, 2016 WL 10520951 (N.D. Ga. Nov. 2, 2016).......................8

*Barnett v. MacArthur*,
   715 F. App'x 894 (11th Cir. 2017) ..........................................................................................4

*Carter v. City of Phila.*,
   181 F.3d 339 (3d Cir. 1999)....................................................................................................4

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980)............................................................................................................. passim

*Dresdner Bank AG v. M/V OLYMPIA VOYAGER*,
   463 F.3d 1210 (11th Cir. 2006) ...............................................................................................4

*In re Se. Banking Corp.*,
   69 F.3d 1539 (11th Cir. 1995) ............................................................................................4, 9

*Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*,
   483 F.3d 773 (11th Cir. 2007) .................................................................................................4

*Parker v. Ahmsi Ins. Agency Inc.*,
   No. 15-23840-CIV, 2021 WL 8565968 (S.D. Fla. July 8, 2021) ............................................5

*Proctor & Gamble Defense Corp. v. Bean*,
   146 F.2d 598 (5th Cir. 1945) ...................................................................................................4

*Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*,
   711 F.2d 902 (9th Cir. 1983) ...................................................................................................6

*Reeves v. Beardall*,
   316 U.S. 283 (1942)................................................................................................................9

*Resolution Trust Corp. v. Driscoll*,
   985 F.2d 44 (1st Cir. 1993)......................................................................................................8

*Reynolds v. Behrman Cap. IV L.P.*,
   988 F.3d 1314 (11th Cir. 2021) ...............................................................................................4

*Richard Price Television Assocs., Ltd. v. Indep. Int'l Network, Ltd.*,
    No. 90 CIV. 5397 (PKL), 1991 WL 41643 (S.D.N.Y. Mar. 18, 1991) ..................................... 6

*Sears, Roebuck & Co. v. Mackey*,
    351 U.S. 427 (1956) .......................................................................................................... 9, 10

*White Const. Co. v. Martin Marietta Materials, Inc.*,
    633 F. Supp. 2d 1302 (M.D. Fla. 2009) .................................................................................. 2

**RULES**

Fed. R. Civ. P. 54(b) ............................................................................................................ *passim*

**INTRODUCTION**

Defendants respectfully submit this reply to Plaintiffs' Opposition, ECF No. 121, to Defendants' motion for entry of partial final judgment under Civil Procedure Rule 54(b), ECF No. 111.  That motion showed that Plaintiffs' dismissed claims for breach of the PSA and for specific performance of the unsigned Purchase and Sale Agreement ("PSA"; together, "PSA-related claims") were both "final" and a "judgment" and showed that no just reason exists to delay "entry" of these claims as a partial "final judgment" under Rule 54(b).  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  Plaintiffs' principal arguments are that, despite this Court's dismissal of the PSA breach and specific performance claims with prejudice, an ongoing claim entitles them to specific performance relief, that granting the motion will cause delay, and that the Court cannot rely on Defendants' showing of harm.  For the reasons set out below, these and Plaintiffs' other arguments are without merit.

**ARGUMENT**

**I.     No "Substantial Overlap" Exists Between The PSA-Related Claims and The Surviving Claims.**

Plaintiffs' Opposition rests on one, central assertion: that their claim for breach of the Letter of Intent ("LOI") *independently* supports entitlement to specific performance—and thus, despite this Court's ruling, a claim entitling them to specific performance remains in this case.  Opp. at 4, 8–9, 11.  This assertion underpins their arguments that both the dismissed claims, for breach of the PSA and for specific performance, are not separable, final judgments appropriate for certification under Rule 54(b), and it underpins their argument related to piecemeal appeals.  *Id.* at 8 (PSA breach claim), 9 (specific performance claim), 11 (piecemeal appeals).  However, the alleged breach of the LOI plainly was not advanced to, and could not, provide Plaintiffs with specific

1

performance relief related to the transfer of the land title, independent of proof of a breach of the PSA.

A breach of the LOI could not alone entitle the Plaintiffs to take title to the land parcels addressed in the proposed PSA. Only a "definite, certain, and complete" binding agreement to sell property can, in limited circumstances, support an order of specific performance requiring transfer of title to land. *See* ECF No. 85 at 19 ("Order") (quoting *Abundant Living Citi Church, Inc. v. Abundant Living Ministries, Inc.*, 213 So. 3d 1055, 1059 (Fla. Dist. Ct. App. 2017)). By its nature and terms, the LOI "is non-binding to either party and shall only serve as the basis for continued negotiation" regarding a potential PSA that might "evidence and govern" any binding transaction. ECF No. 110-1 ("LOI") at 2.

Until now, Plaintiffs consistently recognized that specific performance as sought in the FAC depended on the PSA, not the LOI. Plaintiffs' Opposition to Defendants' Motion to Dismiss the FAC did not suggest that the LOI breach claim supported specific performance. Instead, it stated "Plaintiffs are entitled to specific performance as a remedy for breach of the PSA," never mentioning the LOI, and asserted that the PSA was a contract for sale of property, not merely "a letter of intent." ECF No. 51 at 26 & n.16 (citing *White Const. Co. v. Martin Marietta Materials, Inc.*, 633 F. Supp. 2d 1302, 1320 (M.D. Fla. 2009) (a letter of intent does "nothing more than set forth an agreement to agree in the future, pending the outcome of various negotiations, due diligence investigations, and other conditions precedent")). Nor, in response to Defendants' various arguments that even the PSA could not entitle Plaintiffs to specific performance relief, did Plaintiffs in their opposition to further briefing of the motion to dismiss suggest that the LOI independently supported specific performance relief. *See* ECF No. 68 at 8–10.

The FAC's language Plaintiffs now rely on is consistent with their earlier position and does

2

not support their Opposition now.  The reference to "Two Roads [having] completed the Letter of Intent with PBA," FAC ¶ 208, does no more than explain Plaintiffs' view of why plaintiff Two Roads, in addition to Flagler South Development LLC as the sole signatory to the proposed PSA, was also entitled to specific performance relief.  But Two Roads' entitlement was also entirely dependent on the existence and enforcement of a valid PSA, as confirmed by the immediately following reference to the "completed Purchase and Sale Agreement with PBA for the purchase of the parcels." *Id.*  As confirmed by Plaintiffs' earlier characterizations of the FAC, the FAC does not assert that the LOI independently supported specific performance.

This Court clearly understood that the LOI was not asserted and could not function as an independent basis for specific performance relief, and its Order has already resolved this issue against Plaintiffs.  The Court specifically referenced FAC ¶ 208, which was part of Count 15 and is now invoked by Plaintiffs for their LOI theory, as reflecting how "[i]n Count 15 of the Complaint, Plaintiffs seek specific performance of the Purchase and Sale Agreement."  Order at 19.  In concluding that the absence of an enforceable PSA required dismissal of Count 15 and in not separately addressing the LOI as providing any entitlement to specific performance relief, *id.*, the Court necessarily concluded that Plaintiffs did not assert that the LOI independently supported specific performance and that specific performance relief depended entirely on the existence of the PSA as a binding contract for the transfer of title.

Plaintiffs concede this central point when they observe that "this Court's Order specifically foreclosed including a prayer for specific [relief]." Opp. 9 n.3.  Indeed, Plaintiffs' failure to include any suggestion in their SAC that their breach of the LOI claim supports specific performance, or even to mention specific performance or seek it in the prayer for relief, is wholly at odds with their argument now that specific performance relief somehow remains in this case through the operation

of their LOI breach claim. And, of course, "[a]n amended complaint supersedes and replaces the original complaint." *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021); *see Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Proctor & Gamble Defense Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945)).

There is no merit to Plaintiffs' other arguments, based on supposed common injuries and allegations. Opp. 4. It is settled law that "separable" claims can arise "out of a single transaction or occurrence" so long as they seek "different sorts of relief." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995); *see also Carter v. City of Phila.*, 181 F.3d 339, 346 n.20 (3d Cir. 1999) ("complete legal or factual distinction" from remaining claims "is not necessary to 54(b) certification"). Here, the specific performance claim uniquely sought conveyance of the land at issue, and the breach of PSA claim was the sole basis for that different kind of relief.[1]

*Barnett v. MacArthur*, 715 F. App'x 894, 900 (11th Cir. 2017), does not indicate otherwise. *Compare* Opp. 8. *Barnett* determined that certain counts certified under Rule 54(b) were not separable judgments because they turned on whether a police officer had probable cause to arrest the plaintiff, which was also the dispositive issue in the remaining claim at the district court. *Id.* at 898–903. Here, the dispositive issues in the pending claims are all different and have nothing

---

[1] The damages sought via the breach of the PSA claim (as opposed to the specific performance relief) cannot suffice to make that claim "substantially overlapping" with remaining claims or the relief "substantially similar," *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 780 (11th Cir. 2007), due to the centrality of the specific performance relief for the PSA claim and the much more extensive damages the PSA claim would have supported. In this respect, too, Plaintiffs would have this Court treat the LOI breach claim as though it were a claim for breach of the unenforceable PSA. This effort is unfounded and provides no basis to conclude that dismissal of the breach of the PSA claim is not a final judgment.

4

to do with whether the PSA was an enforceable, valid contract or with the entitlement to specific performance relief. For the PSA-related claims, the "sole dispute concerns" a point of contract law and entitlement to specific performance relief, and they are therefore appropriate for certification under Rule 54(b). *See Curtiss-Wright*, 446 U.S. at 4 (reversing lower court's ruling that contract claim should not be certified under Rule 54(b)).

## II. No "Just Reason" Exists to Delay Entry of Final Judgments.

Plaintiffs provide no valid reason for this Court to conclude that "just reason" exists to delay entry of final judgments.

### A. Granting the Motion Would Not Delay Ongoing Proceedings.

There is no basis for Plaintiffs' statements that granting the motion "could also needlessly delay" ongoing proceedings and may impede Plaintiffs' ability to "abide by this Court's set trial schedule." Opp. 11; *see also* Opp. 5 ("disturb[s] any forward momentum"), 12 ("undue delay"). Both sides are proceeding with discovery and mediation according to the Court's schedule, and Defendants seek resolution of all issues as promptly as possible (indeed, they filed the Rule 54(b) motion to accelerate resolution of a commercially important issue). Defendants perceive no reason why granting the motion would delay ongoing proceedings.[2] Plaintiffs oppose prompt resolution of the PSA breach and specific performance claims, and provide no reason why granting the motion might prevent them from adhering to the Court's schedule or otherwise cause delay.

---

[2] Contrary to Plaintiffs' assertions, this case is unlike *Parker v. Ahmsi Ins. Agency Inc.*, No. 15-23840-CIV, 2021 WL 8565968 (S.D. Fla. July 8, 2021), because both parties here expressly seek to maintain the existing schedule if Rule 54(b) certification is granted, rather than stay the proceedings. *Compare id.* at *1 ("The parties have agreed that, should this Court grant Plaintiffs' Motion for Rule 54(b) Certification, the case should be stayed until its scope is determined by the outcome of an appeal.").

### B.     Defendants Have Established Substantial, Ongoing Economic Harm.

Plaintiffs mistakenly claim that Defendants' showing of harm is insufficient to support their Rule 54(b) motion. Initially, their suggestion that the specific performance claim is causing Defendants no harm is quite surprising. This issue has been canvassed at length before this Court when Defendants submitted a substantially similar affidavit from Robert Frisbie in support of their motion to supplement briefing regarding the specific performance claim. ECF No. 66-2. Plaintiffs did not question that Defendants were suffering the harm asserted arising from their specific performance claim, nor did they question this Court's ability to rely upon the affidavit. ECF No. 68 at 10 ("That . . . insurance providers have been made skittish . . . due to [Plaintiffs'] lawsuit is not reason to dismiss Plaintiffs' specific performance claim" and "[i]f anything, it is evidence that these independent actors see merit in Plaintiffs' suit."). No weight can be attached to counsel's unsworn and non-expert opinion that harm must be lacking because he happens to be "utterly unaware of the basis for the purported difficulties in obtaining title insurance" despite having "over 20 years of experience within the title insurance industry." Opp. 14 n.4. Being "utterly unaware" is not probative, and indeed an email dated December 21, 2021 to Scott Maslin, a part owner of Plaintiff Trilar Holdings, from Jeff Green, makes clear that Plaintiffs knew that Defendants "want to get going and will never be able to sell if you have them tied up in a lawsuit with all this controversy." *See* Att. A.

Nor is there merit to Plaintiffs' assertion that the Court cannot examine and rely upon the affidavit of Robert Frisbie. It is a sworn declaration under penalty of perjury. Courts regularly rely on affidavits to establish financial costs, fees, and damages, including in support of Rule 54(b) motions. *See, e.g.*, *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 904 (9th Cir. 1983) (affirming district court's 54(b) certification made in reliance on an affidavit regarding "the amount of embezzled funds"); *Richard Price Television Assocs., Ltd. v. Indep. Int'l*

6

*Network, Ltd.*, No. 90 CIV. 5397 (PKL), 1991 WL 41643, at *1 (S.D.N.Y. Mar. 18, 1991). And the claims made in the affidavit are straightforward. It makes no sense that the Frisbie Defendants would be making up title insurance problems instead of developing their lucrative, oceanfront property. The Frisbie affidavit sets out clearly why they can still not secure title insurance. ECF 111-1 (hereinafter "Frisbie Affidavit") ¶ 18. It takes no expertise in the title insurance industry, Opp. 14, to credit that a specific performance claim that has not been finally adjudicated clouds Defendants' title to the PBA Parcels and thereby causes substantial, ongoing economic harm—especially as interest rates and building costs increase. Frisbie estimates losses "caused by the specific performance claim" to be $200 million. Frisbie Affidavit ¶ 21.

Ending that "severe daily financial loss," *Curtiss-Wright*, 446 U.S. at 6, justifies Rule 54(b) certification of the PSA-related claims. The monetary harm caused by Plaintiffs' specific performance claim is more significant and direct than the harm to Curtiss-Wright arising from not being able to collect market interest on its money damages award. And the Supreme Court affirmed the district court's ruling that *Curtiss-Wright* was an instance of the "infrequent harsh case" deserving certification, *id.* at 5—even though that loss that would, unlike here, have been generally applicable to all money judgment cases. And contrary to Plaintiffs' claims, Opp. 6, 13, the *Curtiss-Wright* Court held that the "infrequent harsh case" language, "[h]owever accurate it may be as a description of cases qualifying for Rule 54(b) treatment," is not a "standard of review," and in fact the Supreme Court overturned the Third Circuit for treating it as such. *Curtiss-Wright*, 446 U.S. at 9–10.

Plaintiffs attempt to distinguish *Curtiss-Wright* as involving a claim that was "severable . . . in terms of the factual and the legal issues involved." *Id.*; Opp. 15. But the PSA-related claims are less factually and legally related to the rest of Plaintiffs' claims, none of which involves the

7

PSA directly, than were those at issue in *Curtiss-Wright*. The claim in *Curtiss-Wright* was for payment for partial performance of the company's contracts with General Electric—the same contracts that gave rise to all the other claims and counterclaims. Likewise, Plaintiffs' attempt to distinguish the many other cases where courts used Rule 54(b) certification to clear cloud to title also misses the mark. Rule 54(b) certification in *Resolution Trust Corp. v. Driscoll* was explicitly justified "in order to facilitate a sale" of real property, 985 F.2d 44, 47 (1st Cir. 1993), and *AMF Holdings, LLC v. Elie* held "justice requires" certification to remove "improper cloud on the title" even though there was "factual overlap between the adjudicated and unadjudicated claims." No. 1:15-CV-3916-MHC-CMS, 2016 WL 10520951, at *3–4 (N.D. Ga. Nov. 2, 2016), *report and recommendation adopted*, No. 1:15-CV-3916-MHC, 2016 WL 10567163 (N.D. Ga. Nov. 28, 2016).

### C. Certification Will Not Result In Duplicative Appellate Review.

Plaintiffs' argument that granting the Rule 54(b) motion would result in duplicative appellate proceedings rests almost entirely on their claim that, despite this Court's ruling, their specific performance claim remains in this case and would be subject to review in a subsequent appeal addressing the non-PSA claims after the conclusion of this case. Opp. 11–12. As shown above, *supra* pp. 1–4, this argument is without merit. Thus, because all issues related to the validity of the unsigned, proposed PSA and issues related to Plaintiffs' entitlement to specific performance would be addressed *only* in the appeal from the final order entered under Rule 54(b), granting the motion presents no risk of duplicate appellate review. The Eleventh Circuit would simply not have to "decide the same issues more than once." *Curtiss-Wright*, 446 U.S. at 8.

Plaintiffs' other arguments are no stronger. Plaintiffs insist that an appeal of the PSA-related claims would require a sprawling investigation of the "intricacies" of the alleged "fraudulent scheme" and the "various legal theories" at issue in the SAC, Opp. 12, but their prior

8

briefing and the resolution of the PSA-related claims show this to be incorrect. *See* ECF No. 51 at 25. In opposing Defendants' motion to dismiss the FAC, Plaintiffs argued that the proposed PSA was a valid contract as a matter of Florida contract law, not based on allegations and theories germane to other claims. *Id.* Defendants similarly argued the point based on Florida contract law. This Court followed suit and determined as a matter of contract law that the "proposed" PSA "clearly require[d]" signature by the University to be valid, and an email "did not operate to 'sign' that contract." Order at 17–18. Likewise, Plaintiffs argued that the PSA entitled them to specific performance relief, and Defendants argued that specific performance relief was unavailable based on arguments distinct to that claim. This Court denied specific performance relief because the proposed PSA was not an enforceable contract. Order at 19. Plaintiffs provide no reason why an appeal of an order entered pursuant to Rule 54(b) would wander more widely.

Even so, Plaintiffs mistakenly claim that the policy against piecemeal appellate review is implicated whenever a reviewing court analyzes a claim that is "factually related" to the pending claims. Opp. 11. But that is simply wrong: nearly every grant of relief under Rule 54(b) will result in appellate review of claims that share a common "cast of characters, conversations, agreements, and facts" with the pending claims, Opp. 5—as did the contract claim certified under Rule 54(b) in *Curtiss-Wright*, the specific performance claim in *Reeves v. Beardall*, 316 U.S. 283, 285 (1942), and the antitrust and contract-interference claims in *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 432 (1956). In all these cases the Supreme Court reversed the lower courts' failure to provide Rule 54(b) relief from a separable portion of the case even though the pending claims involved the same parties and arose "out of a single transaction or occurrence." *In re Se. Banking Corp.*, 69 F.3d at 1547. It was enough that, as here, the issues presented in the appeal from the Rule 54(b)

order could be "decided independently," *Curtiss-Wright*, 446 U.S. at 6, just as this Court has already done for the PSA-related claims.

Finally, the clearly established Rule 54(b) standard justifies relief in this instance. Defendants never "argue[d]" that "Rule 54(b) should be applied liberally." Opp. 13. Rather, Defendants quoted the Supreme Court's determination that Rule 54(b) "relax[ed] the restrictions upon what should be treated as a judicial unit for purposes of appellate jurisdiction" in order to relieve the pressure created when the Federal Rules of Civil Procedure merged law and equity and allowed "liberal joinder of claims." *Sears, Roebuck & Co.*, 351 U.S. at 432; *see* ECF No. 111 at 12. Plaintiffs never cite *Sears* nor do they contest that their initial 15-count civil action illustrates precisely why Rule 54(b) was deemed necessary to stop the unfair hardship caused by multi-count civil actions that take years to fully and finally resolve. Of course, "Rule 54(b) requests should not be granted routinely," *Curtiss-Wright*, 446 U.S. at 8, and constitute "extraordinary" relief, in the sense that relief dependent on considering "the equities" (like injunctions) are extraordinary. As Defendants demonstrated, that established standard justifies Rule 54(b) relief here.

## CONCLUSION

The Court should enter final judgments for the dismissed Counts 4 and 15 of the Amended Complaint.

Dated: June 30, 2023                    Respectfully submitted,

                                                                        **SHUBIN & BASS, P.A.**
150 West Flagler Street
Suite 1420
Miami, Florida 33130
Tel.: (305) 381-6060
Fax: (305) 381-9457
jshubin@shubinbass.com
dfalce@shubinbass.com
jkatz@shubinbass.com

By: /s/ John K. Shubin
    John K. Shubin
    Deana D. Falce
    Jamie L. Katz

*Counsel for Defendants Frisbie Group LLC, FH3 LLC, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

**JONES FOSTER P.A.**
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
Tel.: (561) 659-3000
Fax: (561) 650-5300
shawkins@jonesfoster.com

By: /s/ Scott Hawkins
    Scott Hawkins
    Spencer Keyser

*Counsel for Defendants Palm Beach Atlantic University Inc., William M.B. Fleming, Jr., and Patrick C. Koenig*

**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel.: (310) 274-7100
Fax: (310) 275-5697
egeorge@egcfirm.com
By: /s/ Eric M. George
    Eric M. George (*pro hac vice*)

*Counsel for Defendants Palm Beach Atlantic University Inc., Frisbie Group LLC, FH3 LLC, William M.B. Fleming, Jr., Patrick C. Koenig, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

11

**CERTIFICATE OF SERVICE**

  I certify that on June 30, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

                  /s/ John K. Shubin
                  John K. Shubin

**SERVICE LIST**

Scott Hawkins, Esquire
Spencer Keyser, Esquire
**JONES FOSTER P.A.**
505 South Flagler Drive, Suite 1100 West
Palm Beach, Florida 33401
Tel.: (561) 659-3000
Fax: (561) 650-5300
shawkins@jonesfoster.com

*Counsel for Defendants Palm Beach Atlantic University, Inc., William M.B. Fleming, Jr., and Patrick C. Koenig*

John K. Shubin, Esquire
Deana D. Falce, Esquire
Jamie L. Katz, Esquire
**SHUBIN & BASS, P.A.**
46 S.W. First Street, Third Floor
Miami, Florida 33130
Tel.: (305) 381-6060
Fax: (305) 381-9457
jshubin@shubinbass.com
dfalce@shubinbass.com
jkatz@shubinbass.com

*Counsel for Defendants Frisbie Group LLC, FH3 LLC, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

Eric M. George (*pro hac vice*)
**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
2121 Avenue of the Stars, Suite 3000
Los Angeles, CA 90067
Tel.: (310) 274-7100
Fax: (310) 275-5697
egeorge@egcfirm.com

*Counsel for Defendants Palm Beach Atlantic University Inc., Frisbie Group LLC, FH3 LLC, William M.B. Fleming, Jr., Patrick C. Koenig, David W. Frisbie, Robert N. Frisbie, Jr., and Cody Crowell*

Sean C. Domnick, Esquire
Matthew T. Christ, Esquire
**DOMNICK CUNNINGHAM & YAFFA**
2401 PGA Boulevard, Suite 140
Palm Beach Gardens, FL 33410
Tel.: (561) 625-6260
Fax: (561) 625-6269
sean@pbglaw.com
matt@pbglaw.com

Christopher J. Clark (*pro hac vice*)
Benjamin A. Butzin-Dozier (*pro hac vice*)
**CLARK SMITH VILLAZOR LLP**
250 West 55th Street, Floor 30
New York, NY 10019
Tel.: (212) 582-4400
Fax: (347) 338-2532
clark@csvllp.com
benjamin.dozier@csvllp.com

*Counsel for Plaintiffs Two Roads Development LLC, Trilar Holdings LLC and Flagler South Development LLC*